Maurice W. McCann, J.
The appellant herein was, on the 22nd day of November, 1958, convicted, after trial before Honorable Lloyd E. Emerson, Justice of the Peace, Town of Benton, of violation of section 1172 of the Vehicle and Traffic Law, which reads as follows: “ (a) Except when directed to proceed by a police officer, every driver of a vehicle approaching a stop sign shall stop at a clearly marked stop line, but if none, then shall stop before entering the crosswalk on the near side of the intersection, or in the event there is no crosswalk, at the point nearest the intersecting roadway where the driver has a view of the approaching traffic on the intersecting roadway before entering the intersection and the right to proceed shall be subject to the provisions of section eleven hundred forty-two.”
Although a violation of this section is a “ traffic infraction,” nevertheless the general rules of criminal law are applicable. (See People v. Hildebrandt, 308 N. Y. 397.)
Section 389 of the Code of Criminal Procedure provides that : “ A defendant in a criminal action is presumed to be innocent, until the contrary be proved; and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal.”
Section 62 of the Code of Criminal Procedure makes section 389 of the Code of Criminal Procedure applicable to the courts held by a Justice of the Peace.
It therefore became incumbent upon the prosecution in the instant case to prove the appellant guilty beyond a reasonable doubt. Reasonable doubt has been defined as “ ‘ an actual doubt that you are conscious of after going over in your minds the entire case, giving consideration to all the testimony and every part of it. If you then feel uncertain and not fully convinced that the defendant is guilty, and believe that you are acting in a reasonable manner, and if you believe that a reasonable man in any matter of like importance would hesitate to act because of such a doubt as you are conscious of having, that is a reasonable doubt, of which the defendant is entitled to have the benefit.’ ” (See Holt v. United States, 218 U. S. 245, 254.)
The New York Court of Appeals in People v. Barker (153 N. Y. 111, 115) has said that it is not a mere whim, guess or surmise; nor is it a mere subterfuge to which resort may be had in order to avoid doing a disagreeable thing; but it is such a doubt as reasonable men may entertain, after careful and honest review and consideration of the evidence in the ease.
The appellant contends that upon the entire testimony the People as a matter of law failed to prove beyond a reasonable doubt that the appellant was guilty as charged.
*50 The complainant, a State Trooper, testified: “ As I was proceeding westerly on route 54 and just as I approached the intersection of County road 202 with the Pre-emption Road, it’s approximately 75 feet from the intersection, and the car pulled through the intersection apparently not stopping for the stop sign, as I could see the sign clearly as I approached it. ’ ’
On cross-examination, the trooper testified that as he was approaching the intersection in question he was traveling 45-50 miles per hour. That he was about 75 feet from the intersection and that the first time he saw the appellant she was rounding the corner.
The complainant testified both on direct and cross-examination that the first time he saw appellant was when she drove upon the State highway. On direct examination he used the expression “ the car pulled through the intersection apparently not stopping for the stop sign.” This indicates a surmise on his part that the appellant did not stop.
The appellant testified that when she came opposite the stop sign in question she stopped, looked both to the right and to the left, and did not see any cars. “ So I eased out — you have to go about the length of a car anyway after that stop sign. ’ ’ On cross-examination she testified that she came to a complete stop and had edged out to go into the intersection, which is the place where the trooper testified that he first saw appellant’s car rounding the corner.
I have examined the transcript of the testimony in this case, and I am unable to find where the People have met the burden of proof required by section 389 of the Code of Criminal Procedure in proving the charge against the appellant beyond a reasonable doubt, as interpreted and defined by the Court of Appeals of this State. The judgment of conviction is therefore reversed and the fine ordered remitted.
Submit order in accordance with the above opinion.